NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS R. ROSADO, <br><br> Plaintiff, <br><br> v. <br><br> THE HUDSON COUNTY COURT, *et al.*, <br><br> Defendants. | Civil Action No. 15-1412 (CCC) <br><br> OPINION |

**CECCHI, District Judge:**

Plaintiff Carlos R. Rosado ("Plaintiff"), a convicted state prisoner confined at Southern State Correctional Facility in Delmont, New Jersey, filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights have been violated by Defendants' failure to protect him from harm, which resulted in Plaintiff being assaulted by unnamed individuals. Plaintiff also alleges that he was denied proper medical care for his injuries suffered in the assault. Because Plaintiff is proceeding under *in forma pauperis* status, at this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). For reasons stated below, the Court dismisses all named defendants, but will allow Plaintiff to amend the Complaint.

## I. FACTUAL BACKGROUND

Plaintiff's Complaint is sparse and contains very few factual allegations; therefore, it is difficult for the Court to discern the details of his allegations. It appears from the Complaint that at some point while Plaintiff was incarcerated by the State of New Jersey, he was mistakenly transferred to the Ann Klein Forensic Center ("AKFC"). (ECF No. 1-3 at 8.) Plaintiff alleges that he notified his attorney, Raymond Beam, Jr., but was told that he should stay at AKFC at that time. (ECF No. 1 at 4.) According to Plaintiff, he also contacted the court clerk for one Judge Venable, who allegedly had cancelled the order to send Plaintiff to the AKFC, but that cancellation order was never entered by the clerk. (ECF No. 1-3 at 15.) Finally, Plaintiff asserts that he contacted the Hudson County Public Defender's Office to inform them of his allegedly erroneous transfer, but received no response. (ECF No. 1 at 4.) According to Plaintiff, he was assaulted while at the AKFC, and suffered significant injuries. *Id.* at 5. Plaintiff further alleges that he did not receive proper medical care for his injuries. *Id.* at 7.

Thereafter, Plaintiff filed the instant suit against defendants the Hudson County Court, the Hudson County Public Defender's Office, Raymond Beam, Jr., the clerk for Judge Venable, the AKFC, and the Hudson County Corrections Medical Department. The Court construes the Complaint as alleging that defendants failed to adequately protect Plaintiff while he was at the AKFC, and that Plaintiff was deprived of proper medical care, both in violation of Plaintiff's Eighth Amendment rights.

## II. STANDARD OF REVIEW

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need

only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).

In determining the sufficiency of a *pro se* complaint, the Court must accept its factual allegations as true, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *U.S. v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

In general, when a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Grayson v. Mayview State Hosp.*, 293 F.3d 103,

108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment").

### III. DISCUSSION

The Complaint does not name any individual who was directly involved in the alleged constitutional violations; Plaintiff does not name any prison officials who allegedly failed to provide adequate protection for Plaintiff, or any medical staff who allegedly failed to provide proper medical treatment. Instead, all of the named defendants are either immune from § 1983 claims, or not "persons" subject to liability under § 1983. The Court addresses each of them separately below.

#### A. The Hudson County Court, the Ann Klein Forensic Center, the Hudson County Public Defender's Office, and the Hudson County Corrections Medical Department

Plaintiff names "the Hudson County Court," the AKFC, the Hudson County Public Defender's Office, and the Hudson County Corrections Medical Department as defendants. The Court construes "the Hudson County Court" as referring to the Superior Court of New Jersey, Hudson County.

The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. As such, the Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332,

338 (1979). New Jersey state courts are immune from § 1983 claims pursuant to the Eleventh Amendment. *Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006).

Moreover, state courts are not "persons" subject to liability under § 1983. *Id.*; *Ray v. New Jersey*, 219 F. App'x 121, 124 (3d Cir. 2007). This Court has also held that the AKFC is both immune from suit under the Eleventh Amendment and not a "person" subject to liability under § 1983. *Hobson v. Tremmel*, No. 11-4590, 2013 WL 3930132, at *4 (D.N.J. July 30, 2013). Additionally, a public defender's office is not is a "person" liable under § 1983. *Crisostomo v. State of N.J. Pub. Defender Office Passaic Cnty.*, No. 14-4756, 2014 WL 4094793, at *2 (D.N.J. Aug. 18, 2014); *Santos v. Smith*, No. 08-3846, 2008 WL 4922207, at *3 (D.N.J. Nov. 12, 2008). Lastly, a prison's medical department itself is not a "person" under § 1983. *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Howard v. Mercer Cty. Jail Med. Dep't*, No. 14-214, 2014 WL 4626857, at *2 (D.N.J. Sept. 15, 2014).

Because both the Hudson County Court and the AKFC are arms of the state immune from § 1983 suits, and because they, the Hudson County Public Defender's Office, and the Hudson County Corrections Medical Department are not "persons" subject to liability under § 1983, all claims against the Hudson County Court, the AKFC, the Hudson County Public Defender's Office, and the Hudson County Corrections Medical Department will be dismissed.

**B. Raymond Beam, Jr.**

Next, Plaintiff names Raymond Beam, Jr, a private attorney, as a defendant. Plaintiff alleges that Mr. Beam, Jr. instructed him to stay at AKFC. (ECF No. 1 at 4.) It appears Plaintiff's argument is that had he not stayed at the AKFC per Mr. Beam. Jr.'s advice, he would not have been assaulted. However, § 1983 claims are actionable only against persons who have committed

constitutional violations under color of state law. *See* 42 U.S.C. § 1983. Here, Mr. Beam, Jr. has not acted under the color of law; a private attorney cannot be considered as a person acting under the color of law for the purposes of § 1983. *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) ("[P]rivate defense attorney cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983." (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 317-25 (1981))); *Bullock v. Sloane Toyota, Inc.*, 415 F. App'x 386, 389 (3d Cir. 2011) (private attorney not liable under § 1983 because plaintiff has not set forth any facts to demonstrate that her attorney was a state actor or acted under color of state law). Accordingly, all claims against Raymond Beam, Jr. will be dismissed.

### C. Clerk for Judge Venable

Lastly, Plaintiff names the clerk for Judge Venable as a defendant. Plaintiff alleges that the clerk violated his constitutional rights by not entering Judge Venable's cancellation of a court order that directed Plaintiff to be transferred to AKFC. (ECF No. 1 at 5.) Judicial staff are entitled to quasi-judicial immunity from § 1983 claims so long as they did not act outside their discretion, outside the scope of their duties, or contrary to the direction of a judicial officer. *Kulesa v. Rex*, 519 F. App'x 743, 746 (3d Cir. 2013) (citing *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000)); *Lusick v. City of Phila.*, 549 F. App'x 56, 58 (3d Cir. 2013). Here, Plaintiff makes no allegations that the clerk for Judge Venable acted outside the scope of his or her duties or

discretion, or that he or she acted contrary to the direction of a judicial officer.[1] Therefore, all claims against the clerk for Judge Venable will be dismissed.[2]

## IV. CONCLUSION

For the reasons set forth above, all claims against all named defendants are **DISMISSED**. The Court will allow Plaintiff 30 days from the date of entry of the accompanying Order to amend the Complaint consistent with the holdings of this Opinion.

Claire C. Cecchi, U.S.D.J.

Dated: May 24, 2018

---

[1] To the extent the clerk is not protected by quasi-judicial immunity, Plaintiff does not plausibly allege that the failure to enter the cancellation order was "the result of anything but mere negligence." *Newton v. City of Wilmington*, 676 F. App'x 106, 108 (3d Cir.). Negligence is insufficient to state a constitutional claim for the denial of due process. *Id.* Therefore, any claim against the clerk not protected by quasi-judicial immunity is nevertheless subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See id.*

[2] Because the Court is dismissing all defendants from the Complaint, Plaintiff's Application for *Pro Bono* Counsel is premature at this juncture, as there are currently no valid claims for Plaintiff to pursue. As such, the Court dismisses the Application without prejudice. Plaintiff may refile the application after amending the Complaint.